IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITES STATES OF AMERICA, | ) | CASE NO. 1:23 CR 449 |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| | ) | **DEFENDANT, MAURICE PAYNE SENTENCING MEMORANDUM** |
| MAURICE PAYNE | ) | |
| Defendant. | ) | |

Defendant, Maurice Payne by and through undersigned Counsel, respectfully submits the instant Sentencing Memorandum to support his request for a sentence that is sufficient but not greater than necessary to achieve the statutory goals of sentencing under to Title 18, United States Code §§ 3553(a) and 3661. Counsel respectfully submits the following Memorandum to assist the Court in fashioning Maurice Payne sentence. Maurice's Sentencing Guideline range is determined to be 87-108 months. Maurice asserts it should be lower to wit, 70-77 months based on the arguments herein.

Respectfully Submitted,

/s/Rodger A. Pelagalli/
Rodger A. Pelagalli (0034530)
RODGER A. PELAGALLI CO., L.P.A.
Rockside Road, Ste. 320
Independence, OH 44131
RAPesq@aol.com
440-845-3030 (phone)
440-845-3428 (fax)

*Attorney for Defendant*

# MEMORANDUM

## I. Introduction

District courts have great discretion in imposing the lowest sentence that will reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from future crimes, and provide Maurice Payne with needed educational or vocational training, medical care, or other correctional treatment. Gall v. United States, 552 U.S. 38 (2007); Kimbrough v. United States, 552 U.S. 85 (2007); United States v. Booker, 543 U.S. 220 (2005); 18 U.S.C. § 3553(a)(2).

## II. Application of Other Sentencing Factors

### A. Maurice Payne Personal History and Characteristics

Maurice Payne was born on 3-18-1982 in Lorain, Ohio to Simbi Animashaun and George Payne (deceased).

### B. Educational and Employment Consideration

### C. Maurice Payne Has an Extremely Low Likelihood of Recidivism

Maurice Payne's Criminal History Score is a 0 and the PSR reflects that he falls into the Criminal History Category of I. The PSR also indicates that the calculations contained within that report are not consistent with the Plea Agreement in that Mr. Payne appeared to meet the

criteria set forth to allow three additional points off of his offense level. As a result, Maurice Payne offense level is 29 pursuant to USSG section 2D1.1(b)(17).

**D. Mr. Payne Accepted Responsibility for his Offense.**

Not only did Mr. Payne plead guilty in this case, but he has been completely truthful and forthcoming with all aspects surround this matter. In doing so, he has accepted full responsibility for the offense. Also, he has asserted his acceptance in writing contained in the PSR.

The Government has considered Mr. Payne's role minor regarding the conspiracy. Additionally, the Government has also agreed that Mr. Payne qualifies and meets the requirements for a "Safety Valve" reduction [USSG § 2D1.1(b)(17)]

**III. Other Considerations**

**A. Maurice Should be Recommended for 12-Month in a Half-Way House at End of Any Sentence of Incarceration.**

Undersigned Counsel respectfully ask this Court to sentence Mr. Payne to a term of incarceration of 87 months, which reflects the low end of the guideline range. Such a sentence will enable him to be promptly placed in a half-way house to continue with counseling and education, and provide a strong incentive for him not to re-engage in this type of illegal conduct. However, if the Court imposes a longer term of incarceration, Counsel respectfully asks the Court to recommend 12 months in a half-way house at the end of any incarceration term imposed. The Second Chance Act of 2007, codified at 18 U.S.C. § 3624, increased the potential length of time a federal inmate can be placed in a half-way house from 6 months to 12 months. The Bureau of Prisons will typically honor the Court's recommendation. If Mr. Payne receives a sentence of incarceration, he would greatly benefit from the additional resources he would

receive during twelve (12) months of half-way house placement (as opposed to just 6 months) as he transitions from incarceration back into society.

## IV. § 3553 Factors

As this Court is aware the Sentencing Guidelines are merely one step in the process in determining an appropriate sentence for the Defendant. In addition, the Court is aware it should evaluate the factors listed in 18 U.S.C. § 3553(a) to determine a reasonable sentence for the Defendant. The Court must consider the following 3553 Factors: The nature and circumstances of the offense and the history of the Defendant; the need for the sentence imposed (considering seriousness of offense, deterrents, protecting the public, and providing the Defendant with needed treatment in the most effective matter); the types of sentences available; sentencing ranges; policy statements issued by the Sentencing Commission; need to avoid unwarranted sentencing disparities; and restitution to the victim of the offence.

First, looking at the nature and circumstances of the current offense and the history of the Defendant, the Court should evaluate several factors. The Defendant accepted responsibility for his actions. The Defendants timely notice to the Government of his intent to plead guilty to the indictment or charges, has saved the Government time, money and energy. The Defendant understands the seriousness of the crime he has committed and expresses his sincere remorse and apology. Maurice was involved in the current offense as a means to provide for his family, however he realizes this was inappropriate. Maurice Payne further requests this Honorable Court consider his need to provide for his family and his timely notification of his intent to plead guilty when determining an appropriate sentence for Maurice.

The second factor to be evaluated by the Court is to assess the need for the sentence imposed. The Defendant acknowledges the seriousness of his action and understands the extensive incarceration time he may be facing. Maurice has worked for the last several years in

the entertainment industry. He has not made a consistent high wage but has helped out with his family. The Defendant requests that this Court consider the Defendants attempt to maintain gainful employment as a testament to his desire to refrain from illegal conduct and remain a productive citizen.

Thirdly, the Defendant requests this Court consider the over representation of his criminal history listed in the PSI. Maurice has a total of 0 points due to 0 convictions. However, the charges involved greatly overstate his involvement in the crime and he does not believe this incident properly represents his lack of criminal involvement throughout his 42 years.

Regarding the third and fourth factors of the 3553(a) the Court should review the kinds of sentences available. As noted above, Defendant requests this Court consider a sentence that is sufficient but not greater than necessary to fulfill the requirements of the 3553 Factors. The Defendant believes an appropriate sentencing range would be between 87-108 months, if not lower, based upon the over representation argument listed in the preceding paragraph. Defendant believes a sentence that includes a mixture of incarceration plus alternatives, which include conditions of therapy and supervised release, would be most effective in reducing the risk of recidivism.

Pursuant to the Presentence Report, the officer, at Paragraphs 109-112, has identified no grounds for an upward variance. However, the probation officer has identified grounds for a downward variance from the applicable Sentencing Guideline provisions specifically, the average and median length of sentences for similarly situated defendants nationally are both below the low-end of the calculated Guideline Range in this case. As such, the Defendant asserts that any sentence should be at the low-end of the Guidelines and more in line with the 77-month average length for similarly situated Defendants for purposes of a sentence in this case. Again, if not lower, based on the arguments and assertions contained herein.

Finally, the Defendant requests the Court recommend a drug treatment program as noted in this Sentencing Memorandum.

## V. Conclusion

For the reasons discussed above, Mr. Payne respectfully requests that the Court consider the factors highlighted in support of a sentence that is "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. § 3553(a). Given the mitigating factors of Mr. Payne's offense, his personal history, and his amenability to rehabilitation, Mr. Payne respectfully requests this Honorable Court impose a term of incarceration of 70-77 months.

Respectfully Submitted

/s/Rodger A. Pelagalli/
Rodger A. Pelagalli (0034530)
RODGER A. PELAGALLI CO., L.P.A.
4700 Rockside Road, Ste. 320
Independence, OH 44131
440-845-3030 (phone)
440-845-3428 (fax)
RAPesq@aol.com

*Attorney for Defendant*

CERTIFICATE OF SERVICE

I hereby certify that on January 17th, 2025, a copy of foregoing Sentencing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

Respectfully Submitted

/s/Rodger A. Pelagalli/
Rodger A. Pelagalli (0034530)
RODGER A. PELAGALLI CO., L.P.A.
4700 Rockside Road, Ste. 320
Independence, OH 44131
440-845-3030 (phone)
440-845-3428 (fax)
RAPesq@aol.com

*Attorney for Defendant*



**rodger pelagalli <rapcolpa@gmail.com>**

# Maurice Payne

1 message

**Simeon Alston** <simeonalston@gmail.com> Thu, Jan 9, 2025 at 1:01 PM
To: rapcolpa@gmail.com

**From:** Simeon Alston <simeonalston@gmail.com>
**Date:** December 5, 2024 at 6:59:52 PM EST
**To:** RAPesq@aol.com
**Subject: Maurice Payne**

Dear Judge ,

I hope this letter finds you well. I am writing to you regarding the case of Maurice Payne, who is currently incarcerated at Northeast Ohio Correctional Center. I have had the privilege of knowing Maurice Payne for 28 years, and I am reaching out to provide you with insight into their good character and the positive strides they have made during their time in custody.

I am aware that the court must consider many factors when determining sentencing, but I believe it is crucial to highlight the significant personal growth and transformation that Maurice Payne has undergone. In my interactions with them, I have witnessed a person who is genuinely remorseful for their past actions and who has consistently worked to better themselves. Maurice Payne has shown dedication to self-improvement through education, rehabilitation programs, and a sincere commitment to understanding the impact of their decisions on others.

Throughout their time in prison, Maurice Payne has actively participated in relevant programs, such as educational courses, volunteering barber, counseling, and volunteer work. They have displayed remarkable discipline and perseverance, often helping others in the facility by mentoring fellow inmates, sharing life lessons, and promoting a positive environment. Their transformation has been a testament to their character and determination to make amends.

I have observed Maurice Payne as a person who holds deep respect for the law, for the people around them, and for the opportunity to reintegrate into society in a meaningful way. It is clear that they are focused on becoming a productive and law-abiding citizen. Maurice Payne has expressed a strong desire to contribute to their community and support their family upon release.

Given the progress Maurice Payne has made, I kindly ask that you consider granting them the opportunity for [parole, early release, or reduced sentence]. I truly believe that they have the potential to make a positive impact in society and will continue to grow and contribute as they move forward.

Thank you for your time and consideration. I have full confidence that your decision will be made with both fairness and compassion.

Sincerely,
Simeon Alston

**AFFIDAVIT OF MO NAZER**

My name is Mo Nazer. I have operated a business in Lorain county, I have know Maurice Payne for over two decades. He was a frequent customer purchasing appliances from me. I have had the opportunity to witness his dedication, character, and commitment to bettering our community.

Maurice Payne has consistently demonstrated a profound sense of responsibility and generosity toward the community. His contributions have been both impactful and far-reaching. Examples include:

- Community Outreach: Maurice has organized and participated in numerous events aimed at supporting underprivileged families, providing essentials for those in need. During covid i witnessed him pass out hand sanitizer and masks to the community. During the movement of Black Lives Matter when there was alot of vandalism, Maurice would aid retail shop owners in fending off any attacks towards their businesses

- Youth Empowerment: He has been instrumental in mentoring young people, providing them with guidance, encouragement, and opportunities to achieve their potential. His involvement with programs like Basketball leagues as well as other coaching opportunities has been particularly commendable.

- Volunteerism: Maurice frequently volunteers his time and skills to support local organizations and causes, demonstrating his selflessness and commitment to community welfare.

4. Positive Impact:

Maurice Payne's actions have inspired countless individuals in our community. His unwavering dedication has fostered unity, hope, and growth, and his contributions continue to make a lasting difference in the lives of those he serves.

5. Character Endorsement:

Maurice Payne embodies the qualities of a true leader and humanitarian. His passion for giving back to the community is unparalleled, and his efforts deserve recognition and appreciation.

I swear under penalty of perjury under the laws of the United States and the State of Ohio that the foregoing is true and correct to the best of my knowledge and belief.

Mo Nazer

Daeon Hudson
148 David Dr B4
Elyria, OH,44035

Friday, September 6, 2024

Re: Court Character Letter For Maurice Payne

Dear Honorable Judge Nugent,

My name is Daeon Hudson, and I am forming this letter on behalf of Maurice "JP" Payne. Mr. Payne has been involved in my life since I was 4 years old. Currently, I am now 25 years old. His relationship with my mother brought the birth of his two oldest sons, Dior & Da'Qauri Payne. They are my younger brothers. Experiencing our formative years together in the same home, Mr. Payne was someone who eventually became a Bonus Dad for me. We continued to foster a meaningful relationship well beyond the dissolution of my mother and his relationship.

I come to you today to emphasize the integrity of Mr. Payne. The charges filed against him are serious, but that doesn't speak to the character of the man he is and the limited prior criminal history attests to that. He is a family man first. He was an individual I could always brag about in the community; calling him my father. He was also well-known around town; everyone knew me as "his son". He raised me and treated me as his own child even though he didn't have to. He taught me valuable life lessons that I still apply and utilize to this day. Even though he is incarcerated, Mr. Payne continues to pour into me and help me anyway he can. Additionally, I was a student athlete at Central Washington University (2017-2022). While there I was a 2x all conference player, nominated by my peers as a permanent captain, 2022 most inspirational teammate award (amongst all sports at my university), & "M Brace the Commitment Scholarship" (awarded to athlete who bestowed core values of leadership in raising the capacity of others). I would like to say that through Mr. Payne's encouragement and support, I was able to achieve these important accolades. These are a few of the many ways that Mr. Payne has been a positive influence in our family.

Moreover, I lost my biological father to gun violence in September 2021. Over the years, I have watched how my biological father's death has negatively impacted my family. When I first heard about Mr. Payne's indictment, I immediately thought about my brothers because I didn't want them to feel the pain of losing a father as I did. Even though he is still here in the flesh, his absence has caused a burden on all of his children and their mothers physical, mental, and financial stability. Research shows that a divided household, including having an incarcerated parent, can have a negative effect on a child's development. He has eight children and the youngest just turned one years old on October 6, 2024. I pray for the well-being of my younger siblings everyday.

To conclude, Mr. Payne is one of the smartest, influential, and most-adaptable people I ever met. While most inmates reoffend within five years of release, I am more than positive that he will live an honest life, flourish in business, and continue his family legacy. I just had a newborn son, his grandchild. We have a new generation of leaders and great men we are trying to produce in society. His presence is valuable.

I hope this letter provides some insight into Mr. Payne's character and the positive role he play in his community. Please feel free to contact me at 440-320-0014 or daeonhudson99@gmail.com if you require further information or clarification.

Thank you for considering my perspective.

Sincerely,
Daeon Hudson

Dr. Simbi Animashaun
2307 Rolling Trail
Lithonia, GA 30058

Thursday, December 5, 2024

Re: Court Character Reference Letter for Maurice Payne

Dear Honorable Judge Nugent,

My name is Dr. Simbi Animashaun, and I am writing this letter to share my perspective on Defendant Maurice Payne. I have known him for about 12 years. We dated for five years and currently share four young children together. During our relationship, I suffered a hemorrhagic stroke and he was the only person who took care of me throughout my recovery period. His dedication, courage, and loving spirit helped me overcome this tragic event in my life. I also suffered four miscarriages during this time period, which impacted me negatively, as I was desperate to become a mother. Maurice was there to support me through this journey as much as he could.

Today, we are the proud parents of three sons and one daughter, and we consider them to be our biggest blessings. They are ages 6, 5, 4, and 1. Please be advised that he has four other children from previous relationships. Thus, I would describe Defendant Maurice Payne as a family-oriented and a devoted father to all eight of his children. Personally speaking, his parental involvement is important to the overall development of our children. Our oldest two children are autistic and often struggle in school and at home. He has been physically, emotionally, and financially supportive throughout their Autism diagnosis. I never imagined raising them alone; he was always present at psychological evaluations, doctor's appointments, and parent conferences.

Our childhoods share similar stories as we both had parents who were toxic and unsupportive of our dreams. Due to a lack of parental involvement growing up, we grew up to take pride in being the best parents we can be to our own children. It is evident because although our children often struggle with Autism, they are the most loving and smart children you'll meet.

The day that he was apprehended, he had just helped calm our daughter down, who suffers from emotional dysregulation as a result of her Autism diagnosis. He is usually the parent she asks for when she is having a hard time. In fact, all of our children have asked about "Daddy" since he was incarcerated. I will admit, his absence has caused a lot of emotional and financial

strain on our family. He missed his baby's first birthday party on October 6, 2024, and his only daughter recently was awarded Student of the Month. Although he is incarcerated, he still tries to be a positive influence and co-parent our children to his best abilities. Our children become overly excited when they hear his voice on the phone. We miss him.

I understand the seriousness of the current charges, but it does not reflect the person who I;ve known for the past 12 years. I believe that he will be committed to taking steps to ensure that he does not repeat his mistakes. I am confident that he will continue to be an amazing father and positive contribution to society. Since his incarceration, he has been brainstorming ways that he can give back to the Autism community. We recently formed a nonprofit organization that will offer support and provide vital resources to parents and families in Metro Atlanta who have recently received Autism diagnoses. This has kept him grounded while incarcerated because he takes pride in learning as much as he can about Autism.

I hope this Character Reference Letter offers a clear and concise picture of who Defendant Maurice Payne is as a person and the vital part he plays in our children's lives. Thank you for this opportunity to share my story. I am available to confirm the facts in this letter or if additional information is needed as necessary. I can be reached at 404-820-0067 or simbianimashaun83@gmail.com to discuss further details.

Sincerely,

*Dr. Simbi Animashaun*

Dr. Simbi Animashaun, Ed.D

**Bonnie Yu**
**4637 Midway Blvd.**
**Elyria, OH 44035**

**Friday, December 6, 2024**

**Re: Character Reference Letter for Maurice Payne**

**Dear Judge Nugent,**
**I am writing to provide a character reference for Maurice Payne, who is scheduled to appear before your court in January 2025. I have known Maurice Payne for 25 years (since he was 16 years old) as a distinguished employee and son. For 10 years, he worked as a salesman for my clothing store in Lorain, OH.**

**During the time I've known Maurice Payne, I have consistently observed qualities that reflect his good character and positive contributions to the workforce and his family, such as kindness, reliability, and generosity. For instance, he was the only hired employee that came to work on time and stayed late most nights to ensure that we were safe and the store closed properly. Additionally, when my husband became ill in 2015, and could no longer assist me in managing and operating our stores, Maurice Payne stepped up, as always, and offered his support by helping me operate two stores for about a year. This is just one example of the many ways Maurice Payne has shown to be kind, reliable, and generous.**

**I understand the seriousness of the current situation, but I believe that it does not reflect the person I know. Maurice Payne has expressed remorse, and I am confident that he is committed to making amends and taking steps to ensure that he does not repeat any mistakes.**

**I hope this letter provides some insight into Maurice Payne's character and the positive role they play in his community. Please feel free to contact me at 440-452-4747 or Bonnieu59@gmail.com if you require further information or clarification.**
**Thank you for considering my perspective.**

**Sincerely,**
**Bonnie Yu**
**Owner & Operator, Zion, Inc.**